IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 28, 2006 Session

## KEVIN KHAM FONGNALY v. VIENQRHONE VICKIE FONGNALY

**Appeal from the Chancery Court for Rutherford County**
**No. 04-9276DR**

**No. M2005-01757-COA-R3-CV - Filed on September 27, 2006**

CHARLES D. SUSANO, JR., dissenting.

I cannot concur in the conclusion of the majority opinion, *i.e.*, that the evidence does not preponderate against the trial court's judgment designating the husband as the primary residential parent of the parties' minor children. My review of the record persuades me that the trial court went against the overwhelming weight of the evidence favoring an award of primary custody to the wife for one reason and one reason only, *i.e.*, because of the wife's admitted adulterous relationship during the marriage. I believe the trial court premised its decision on an incorrect interpretation of the law and/or made a factually-erroneous decision.

The trial court rendered its opinion from the bench following the close of proof. The court's opinion is approximately eleven pages long. However, it includes only a very brief statement of the court's rationale for naming the husband instead of the wife as the primary residential parent. That section, in its entirety, is as follows:

> In looking at the various factors, the major factors that are the overriding consideration in this matter are the – obviously this affair that has taken place. It goes to the character of the wife and the situation that's [sic] put the children in. And then that's balanced by the preference of the oldest child somewhat.
>
> The other factors, both of these parents are fit and proper parents. Both of them love their children. Both of them evidently have a very good relationship with the children. I would probably characterize the mother's relationship and [sic] being more of the care giver and a warmer relationship with the children; the father is more of the traditional father. Respect and honor, I think is what we expect of the children with the father.

> I am going to try to arrange a joint arrangement to some extent. But
> I'm going to name the father as the primary parent in this situation,
> simply because I think that that's in the best interest of the children
> when I have looked at all the factors that fall into place.

As I read this opinion, it is clear to me that "obviously" the "major factor[]" in the trial court's decision was the wife's affair.

It has long been the law in this state that "[i]n custody cases the Court shall not use the custody of the child as a reward or punishment to the parent, but shall be governed by the welfare of the child." **Long v. Long**, 488 S.W.2d 729, 733 (Tenn. Ct. App. 1972) (citing **Carrere v. Prunty**, 257 Iowa 525, 133 N.W.2d 692 (1965)).

In **Sutherland v. Sutherland**, 831 S.W.2d 283 (Tenn. Ct. App. 1991), we noted that

> [s]exual infidelity or indiscretion does not *ipso facto* disqualify a
> parent from being awarded custody. However, when the parent's
> sexual activities or indiscretion involve *neglect of the minor child,*
> *such neglect may be considered in relation to the best interest of the*
> *minor child.*

*Id*. at 286 (emphasis added). *See also* **Parker v. Parker**, 986 S.W.2d 557, 563 (Tenn. 1999); **Varley v. Varley**, 934 S.W.2d 659, 666-67 (Tenn. Ct. App. 1996); **Lance v. Lance**, No. 01A01-9801-CV-00036, 1998 WL 748283, at *3-4 (Tenn. Ct. App. M.S., filed October 28, 1998); **Holeman v. Holeman**, No. M2001-00622-COA-R3-CV, 2002 WL 31397344, at *6 (Tenn. Ct. App. M.S., filed October 24, 2002); **Cummings v. Cummings**, No. M2003-00086-COA-R3-CV, 2004 WL 2346000, at *8 n.5 (Tenn. Ct. App. M.S., filed October 15, 2004). We have not hesitated to reverse an initial award of custody when it appeared that custody was placed with a parent because of the other parent's extramarital affair in a situation where there was no showing that the parties' child was neglected or otherwise adversely impacted by the affair. *See, e.g.,* **Sutherland**, 831 S.W.2d at 287.

In the case at bar, the trial court stated that it "would probably characterize" the wife as "being more of the care giver." The court also found that she had "a warmer relationship with the children." There is an abundance of evidence to support both of these findings. The court also noted that the oldest child, in her testimony, had stated a preference that her custody be awarded to her mother. While not mentioned in the trial court's opinion, it should be noted that this oldest of the parties' four children, then age 17, said she thought that she along with her three siblings should live with their mother. The other three children did not testify.

The trial court did not state any "custody" findings adverse to the wife except her extramarital affair. I find that the evidence overwhelmingly supports an award of custody to the wife. There is no evidence that the wife's affair involved neglect of her children or that the children were adversely impacted by the affair. In fact, there is very little in the record regarding the affair and absolutely

nothing that indicates neglect or an adverse effect on the children.  *See* attached appendix.  In fact, the evidence clearly shows that the children are doing well in school and otherwise flourishing with their mother as the primary care giver.

I have reluctantly concluded that the trial court's decision not to award the wife primary residential custody status was based solely upon the affair and that the trial court decided that the primary care giver with "a warmer relationship with the children" should not have primary custody solely because of her sexual activities with one man.  I believe the trial court's decision was based upon an interpretation of the law that is at odds with the clearly-stated pronouncements of the appellate courts of this state.

I recognize the trial court said that the affair "goes to the character of the wife."  That is all the court said on the subject of the wife's "character."  It did not state *how* the affair was a mark against the wife's character or *why* the court thought it was.  If the court is saying that a person who has an affair – regardless of the circumstances and regardless of whether the affair caused the participant to neglect a child and regardless of whether the affair adversely affected the child – is disqualified from being a primary custodian, this is contrary to the law as set forth in this dissenting opinion.  If, on the other hand, the trial court is basing its judgment on a finding of neglect or other adverse impact on the parties' children, there is simply no evidence in the record to support such a finding.  In the final analysis, the evidence, in my judgment, clearly preponderates against the trial court's award of primary custody to the husband.

I would reverse the award of custody to the father, grant custody to the wife, and reverse the trial court's decision with respect to the marital residence so as to grant ownership of the property to the wife with her assuming the monetary obligation in connection therewith that was previously imposed upon the husband.  In proposing this modification of the division of property, I note that the parties agreed at trial that the ownership of the house should accompany the award of primary custody.

I respectfully dissent.


_____
CHARLES D. SUSANO, JR., JUDGE